[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from an assessment of damages in the amount of $25,900 made by the defendant for the taking of an easement together with certain rights on and over a portion of the plaintiff's property in connection with the improvement of Route 140.
The plaintiff's property is in the Town of East Windsor on the easterly side of North Water Street. It is a lot .15 acre in area more or less on which there is a two-story, frame, two-family house. The property is either in or in very close proximity to the flood hazard area as shown on national flood insurance maps. It is in the B-1 Business Zone, although North Water Street is for the most part in the A-2 Residence Zone. The two-family residence has existed on the lot for many years and is a legally non-conforming use. The property has 85 feet of frontage on North Water Street and is 75 feet in depth. It is essentially at street level and faces the Connecticut River which runs some distance to the west of North Water Street. There is an amesite driveway on the property and the property is serviced by all utilities.
North Water Street runs in a northerly direction from Bridge Street which is Route 140. It is the first street running northerly after crossing the Windsor Locks-East Windsor bridge. The defendant intends to construct a new bridge and to raise the elevation of North Water Street so that it will intersect with the reconstructed Bridge Street on a level. The defendant has taken a full and perpetual easement along a large portion of the frontage of the plaintiff's property on North Water Street together with certain other temporary rights as described in the complaint and shown on a map introduced into evidence and marked Exhibit B. The easement contains 0.022 acre, more or less, and runs along North Water Street 68 feet from the plaintiff's southerly property line. The easement area is 15 feet deep at its southerly end and 13 feet deep at its northerly end. Within the easement area, the defendant intends to construct a concrete rubble masonry retaining CT Page 2742 wall to stabilize the roadway. The southerly end of the proposed wall, at the southerly end of the plaintiff's property, will be about 8 feet high. It will descend to the north to about 3 feet in height. A metal rail will be placed on top of the wall. The wall will be about 4 feet from the edge of the roadway and about1-1/2 feet wide. It will be about 55 feet long and will be about 13 feet from the front of the house.
In addition to the easement, the defendant took certain rights.
(1) A right to install sedimentation control bales within an area of 0.002 of an acre. This is shown on the map and is a temporary right acquired for the period of construction.
(2) A right to construct a paved driveway within an area of 0.022 of an acre. This will replace the existing driveway and it will have a 4-foot drop over its 50-foot length.
(3) A right to install a 15-foot reinforced concrete pipe which will just cross the northwest corner of the plaintiff's land to drain water from land to the north.
(4) A right to remove and reset the fencing around the plaintiff's property.
(5) A right to remove a tree near the northwest corner of the property. This was done at the request of the plaintiff.
It was stipulated by the parties that the date of taking was September 1, 1989. The damages assessed by the defendant were $25,900 which sum was deposited with the Clerk of the court.
In determining fair and just damages caused by the taking, the court had the benefit of a viewing of the property and of the testimony, appraisal reports and opinions of two expert witnesses. Each of the experts was of the opinion that the highest and best use of the property continues to be its present use for a two-family dwelling.
Each of the appraisers considered the three generally recognized approaches to value, and each used the sales comparison approach as the most appropriate.
It was the opinion of the appraiser retained by the plaintiff that before the taking, the property had a fair market value of $95,000, while after the taking, the fair market value was $50,000, so that the plaintiff's damages were $45,000. The CT Page 2743 plaintiff's appraiser considered several factors to be important, including the following: the plaintiff will be unable to use his property between the wall and the street; the house will appear to be about 6 feet below street level; the pipe will remain and the tree will be gone; the view of the river will be diminished. He also considered the effect of the temporary rights taken.
It was the opinion of the appraiser retained by the defendant that before the taking, the plaintiff's property had a fair market value of $145,000, while after the taking, the fair market value was $120,000. In his opinion, the value of the temporary rights was $900 based upon inconvenience during an estimated year of construction. It was his opinion that the total damages amounted to $25,900. He placed the value of the easement at $7,500 and concluded that severance damages based upon the effect of the elevation of the road and the construction of the wall amounted to $17,500.
From my own viewing of the property, it was evident that the elevation of the roadway will have the effect of placing the house in a hollow. The view of the river is now cut off by trees and a large mound of earth across the street from the house. When the leaves are off the trees, there is a limited view of the river to the north and south. When the wall has been constructed, there will be no view of the river at least from the first story windows in the front.
Based upon a viewing of the property and after giving full consideration to all the evidence offered and my own knowledge of the elements constituting value, it is concluded that the damages sustained by the plaintiff were $36,000. Judgment may enter for the plaintiff for the further sum of $10,100 in addition to the $25,900 which was deposited by the defendant with the Clerk of the Court, with interest on such further sum of $10,100 from the date of taking to the date of payment, together with costs and an allowance toward his appraisal fees of $800.
George D. Stoughton, State Trial Referee